NO. 07-02-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 15, 2003

_____

CHAD GALE SNIDER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13816-0009; HONORABLE ED SELF, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, and CAMPBELL, JJ.

ABATEMENT AND REMAND

Appellant Chad Gale Snider has given notice of appeal from a conviction and sentence in Cause No. B13816-0009 in the 242nd District Court of Hale County, Texas (the trial court). The appellate court clerk received and filed the trial court clerk's record on February 3, 2003. By letter dated June 26, 2003, the appellate clerk advised counsel for appellant that appellant's brief was past due, and that neither the brief nor a motion for

extension of time for filing of the brief had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received on or before July 7, 2003, the appeal would be abated to the trial court for hearing pursuant to TEX. R. APP. P. 38.8. No response to the clerk's letter of June 26, 2003, has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant's present counsel should be replaced; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the

2

absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than August 18, 2003.

Per Curiam

Do not publish.